**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAIN DICKEY-O'BRIEN, | No. 13-16667 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01241-WBS-CKD |
| v. | |
| JAMES A. YATES, Warden and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Rain Dickey-O'Brien appeals from the district court's denial of his petition

for habeas corpus. The facts are known to the parties and will not be repeated here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

He first contends that the state trial court's decision to use CALJIC 4.00 rendered his trial fundamentally unfair. Second, he contends that two events that occurred during his trial created doubt concerning his competency to stand trial, requiring the state trial court to hold a competency hearing sua sponte.

The claim that CALJIC 4.00 does not conform to the *M'Naghten* test fails because there was no showing that any violation of clearly established *federal* law occurred. *See* 28 U.S.C. § 2254(d)(1); *see also Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) ("[T]he fact that" a jury instruction was "allegedly incorrect under state law is not a basis for habeas relief.").

As to the competency at trial issue, Dickey-O'Brien identifies two events that he argues created doubt. First, the trial court judge noted unspecified "difficulties." Second, on the same day, the prosecutor noted that Dickey-O'Brien had sat "nearly motionless and mute" during the trial. At oral argument, his counsel acknowledged that the record contains no other references to either event.

"[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri*, 420 U.S. 162, 172 (1975). A court must conduct a hearing sua sponte if it has a "bona fide doubt" as to the defendant's competency. *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010).

"Genuine doubt" rather than "synthetic or constructive doubt" is required. *de Kaplany v. Enomoto*, 540 F.2d 975, 982-83 (9th Cir. 1976).

Without more, the two events identified by Dickey-O'Brien are insufficient to meet the "high bar" for establishing a bona fide doubt. *See Clark v. Arnold*, 769 F. 3d 711, 729 (9th Cir. 2014). The California District Court of Appeal did not unreasonably apply clearly established federal law when it determined that the state trial court was not required to conduct a competency hearing.

**AFFIRMED**